UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONESFILM | CIVIL ACTION |
| VERSUS | NO. 11-1994 |
| PETER HOFFMAN, ET AL | SECTION "H" (3) |

### ORDER AND REASONS

The matter before the Court is Defendants' Peter Hoffman, Seven Arts Filmed Entertainment Limited, and Seven Arts Pictures, Inc. Motion to Reconsider. (Doc. 46.) For the following reasons, Defendants' Motion is hereby **DENIED**.

### BACKGROUND

On August 12, 2011, Jonesfilm filed its Complaint in the instant action against Peter Hoffman, Seven Arts Pictures, Inc. ("Seven Arts"), and Seven Arts Filmed Entertainment Limited ("SAFE") and two of their affiliates, Louisiana corporation Leeway Properties, Inc. ("Leeway") and

Susan Hoffman. The Complaint asserts a series of causes of actions with respect to the defendants' alleged misconduct, including transfers of funds and property that Plaintiff asserts hampers its efforts to enforce and collect from the defendants.  (Doc. 1.)

On October 13, 2011, defendants Peter Hoffman and SAFE filed a Motion for Dismissal for lack of personal jurisdiction with a November 23, 2011 submission date.  (Doc. 14.)  Jonesfilm opposed the motion on November 15, 2011.  (Doc. 20.)

Also on October 13, 2011, Seven Arts filed a Motion to Dismiss on grounds of prescription under Article 3492 with a November 23, 2011 submission date.  (Doc. 15.)  Jonesfilm filed its opposition papers on November 15, 2011.  (Doc. 19.)

On March 2, 2012 Seven Arts moved for leave to file a reply to Jonesfilm's Opposition. (Doc. 23.)  Jonesfilm opposed Seven Arts motion for leave to file.  (Doc. 24.)  The Court denied this request as untimely on March 5, 2012.  (Doc. 25.)

On March 19, 2012 Peter Hoffman, SAFE and Seven Arts filed a Motion to Continue and Reset the Submission Dates (Doc. 27) on their previously submitted motions (Doc. 14 and Doc. 15). Jonesfilm opposed the Motion.  (Doc. 28.)  The Court denied Defendants' Motion on March 26, 2012. (Doc. 29.)

On April 20, 2012 Defendants filed a Motion for Reconsideration of this Court's Order denying their request to continue and reset the submission dates.  (Doc. 46.)  Jonesfilm filed an opposition.  (Doc. 43.)

**LAW AND DISCUSSION**

Federal Rule of Civil Procedure 6(b) governs extending time for motion papers. Specifically, the Rule states as follows.

> (b) Extending Time.
> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6. Thus, Defendants must show that their late filings are due to excusable neglect. *Id.* Under the Rule 6(b), governing the extension of time, relevant factors to considering when making the excusable neglect inquiry include: danger of prejudice to the non-movant, length of the delay and its potential impact on the judicial proceedings, reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 n.8 (5th Cir. 2006)(*citing Farina v. Mission Inv. Trust*, 615 F.2d 1068, 1076 (5th Cir.1980); *Pioneer Inv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395-97 (1993)). "The standard is strict and requires more than ignorance, carelessness, or negligence." *Traffic Scan Network, Inc. v. Winston*, 92-2243, 1995 WL 83932, *1 (E.D. La. 1995)(*citing Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

This Court finds that the failure of Defendants to timely file their replies did not result from "excusable neglect." The defendants picked the November 23, 2011 submission date. The Local Rules are clear in that "the noticed date is the date the motion is deemed submitted to the court for decision and after which no further briefing will be allowed." LR 7.2. Jonesfilm filed its

oppositions eight days prior to the submission date thereby giving defendants ample time to reply by the deadline that they chose. Not only did they not file a reply within the eight days, as required, but they did not file a reply for another five months.

Defendants assert that the reply was not timely because Peter Hoffman did not receive Jonesfilm's oppositions to the motions. Mr. Hoffman is not counsel for the defendants and has never been counsel for the defendants.[1] Counsel for defendants is Joshua Palmintier. Opposition papers were properly served on Mr. Palmintier. (Doc. 27-1, p. 2.) It is a ridiculous notion that Mr. Hoffman serves as counsel of record and is entitled to service of papers of this action when he has not been admitted as counsel *pro hac vice.*

In conclusion, even if the court could have overcome these obstacles to admit defendants' reply briefs, it is not compelled to do so. As such, the Court finds no error in its previous conclusion and denies Defendants' Motion for Reconsideration.

**CONCLUSION**

For the foregoing reasons Defendants' Peter Hoffman, Seven Arts Filmed Entertainment Limited, and Seven Arts Pictures, Inc. Motion to Reconsider (Doc. 46) is hereby **DENIED**.

---

[1] On April 4, 2012, well beyond the November, 2011 filing of their motions, there was a motion filed to admit Peter Hoffman *pro hac vice*. (Doc. 31.) This motion was marked as deficient by the Clerk of Court on April 5, 2012. The clerk noted that the document must be refiled within seven days or it may be stricken by the record. The deficiency remedy was due by April 12, 2012. As of the date of this Order, May 17, 2012, Mr. Hoffman has yet to re-file his motion and is therefore still not admitted *pro hac vice* in the above-captioned matter.

New Orleans, Louisiana on this 17th day of May, 2012.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**